I respectfully dissent from the judgment and opinion of the majority for the following reasons.
In the case at bar, the trial court declined to exercise its jurisdiction to modify a visitation order, originally issued by a Wisconsin court as part of the parties' divorce, on the grounds that Ohio was not the proper venue for the action. Although the majority ultimately reverses the trial court's judgment because the court failed to hold an evidentiary hearing, the majority first concludes that the trial court did not abuse its discretion when it declined to exercise jurisdiction over this matter because Wisconsin was the home state of the parties' two minor children.
To support its decision, the majority cites to Justis v. Justis
(1998), 81 Ohio St.3d 312. In particular, the majority relies upon the following language from the opinion:
 "In this case, Ohio was the home state of the two children when the custody proceeding was commenced in 1990. Thus, under [R.C. 3109.22] subsection (A)(1), Ohio is the `home state.' Therefore, the trial court satisfied the jurisdictional conditions set forth in R.C. 3109.22(A)(1)." Justis at 316.
R.C. 3109.21(E) defines "home state" as:
 "the state in which the child, immediately preceding the time involved, lived with the child's parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period."
 Accordingly, based on Justis and R.C. 3109.21(E), the majority concludes that the phrase "immediately preceding the time involved" refers to the filing of the original custody action and not to subsequent modifications. They believe this interpretation is consistent with R.C. 3109.22(B) and (C), which essentially provide that the physical presence of the children in Ohio, standing alone, is not enough to confer jurisdiction on this state, and that physical presence is not a prerequisite for jurisdiction. I disagree.
First, while the Supreme Court in Justis did determine that because Ohio was the home state of the children when the custody proceedings commenced, Ohio was the home state for purposes of R.C. 3109.21(E), there is absolutely nothing in the opinion that suggests the state in which custody was originally decided will always be the home state. Rather, inJustis, Ohio was the only state that met the definition in R.C. 3109.21(E).
The facts in Justis show that the mother moved to North Carolina with the children on April 20, 1994. On June 13, 1994, the mother filed a complaint in Forsyth County, North Carolina, asking the court to assume jurisdiction for purposes of modifying a custody decree rendered by an Ohio court. As can clearly be seen, North Carolina could not have been the home state for purposes of exercising jurisdiction because the children had lived in that state less than the required six months. Accordingly, the Supreme Court of Ohio was correct in finding that Ohio was the home state.
Moreover, the majority also concludes that their decision is consistent with our earlier decision in In re Asente (Oct. 29, 1999), Trumbull App. Nos. 99-T-0055, 99-T-0056, 99-T-0057, and 99-T-0058, unreported, 1999 Ohio App. LEXIS 5101, which the Supreme Court adopted in toto in In reAsente (2000), 90 Ohio St.3d 91. This is simply not true.
In Asente, we noted the following:
 "As previously noted, a child's `home state' is the state the child resided in for a period of six consecutive months immediately preceding the commencement of a custody proceeding or the state where a child lived within six months before the commencement of a custody proceeding and the child is absent from the state because a person claims to have custody of the child in another state, and a contestant continues to reside in this state. See R.C. 3109.22(A) and R.C. 3109.21(E). Ohio can only qualify as Justin's `home state' based on the first definition of said term while Kentucky may be considered Justin's home state under the second definition as set forth above.
 "In the present case, Justin, nearly one-year old at the time the Asentes received physical possession of the child, had resided with his natural parents for nearly his whole short life. He resided with his prospective adoptive parents for less than four months by the time the original adoption petition was filed in Ohio. Consequently, pursuant to R.C. 3109.21(E) and the definition of the term `home state,' it was impossible for Ohio to be Justin's home state, contrary to the finding by the Ohio trial court. On the other hand, appellants filed an action in Kentucky within the six-month period and claimed that they were entitled to the return of the child to whom the Asentes were improperly claiming custody under the laws of Ohio. By filing their custody proceeding within the six-month time period after Justin left Kentucky for the last time, appellants can claim that Kentucky has home-state jurisdiction over this matter." (Emphasis added.) Asente at 29-30.
 The preceding passage clearly shows that this court, and in turn the Supreme Court of Ohio, has recognized that the state which makes the original custody determination will not always be the home state, and that the relevant six month time period is the time before the present action was filed, not the six months before the entire case began.
If courts were to embrace the narrow reading of R.C. 3109.21(E) that the majority puts forth, a state to which a child and parent subsequently relocate would never be the home state for purposes of R.C. 3109.22(A)(1), effectively rendering that provision completely meaningless. Moreover, if, as the majority believes, the first state will always be the home state, when defining that term in R.C. 3109.21(E), there would be no need to include a six-month time period in which a child and at least one parent must live in a subsequent state.
For example let us presume that a child was two years old at the time the initial custody determination was made, and that she and one of her parents immediately moved to another state. Which state would be the home state for jurisdictional purposes if the other parent, who remained in the first state, files for custody fourteen years later? Under the majority's logic, the first state would always be the home state even if the child had no contact with that state except for visitation with the remaining parent. Certainly, this is not the result envisioned by the General Assembly when it codified the Uniform Child Custody Jurisdiction Act, which was enacted "to avoid jurisdictional competition and conflict with other jurisdictions and to facilitate the speedy resolution and efficacious resolution of custody matters so that the child or children in question will not be caught in a jurisdictional `tug of war' between jurisdictions." In re Shelton (Sept. 30, 1997), Trumbull App. No. 97-T-0075, unreported, 1997 Ohio App. LEXIS 4446, at 9.
Based on the foregoing, I would hold that Ohio is the home state for purposes of R.C. 3109.22(A)(1), and that the trial court could exercise its jurisdiction in the instant matter to modify a visitation order originally issued by the Wisconsin court. Having said that, I agree with the majority that the trial court should have held an evidentiary hearing only on the issue of whether Ohio was the proper venue for the action. Simply because an Ohio court has jurisdiction does not mean that the court would be the best forum to decide the issues raised in appellant's motion. For these reasons, I would reverse the judgment of the trial court and remand the matter so that the court could make a determination with respect to whether venue was proper in Ohio.[1]
[1] Although the majority concludes that the Ohio court did not have jurisdiction to act in this matter, it nevertheless remands the case so that the trial court can hold a hearing to determine whether venue is proper in Ohio. This is somewhat perplexing because even if I were inclined to agree that the trial court did not have jurisdiction under R.C. 3109.22, the court obviously would not have the authority to conduct any hearing. That is, even if the trial court should have held a hearing with respect to the question of venue, to make the court conduct such a hearing now would not only be illogical, it would also be improper.